UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SCHUCHARDT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAW OFFICE OF RORY W. CLARK,<br><br>Defendant. | Case No. 15-cv-01329-JSC<br><br>**ORDER FOR SUPPLEMENTAL SUBMISSION ON MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 51 |

Plaintiffs Daniel Schuchardt ("Schuchardt") and Michelle Muggli ("Muggli," and together, "Plaintiffs") seek final approval of a class action settlement in this pre-certification consumer action. The final approval hearing is scheduled for Thursday, April 28, 2016.

The Settlement Agreement provides for a Settlement Fund of $13,610, calculated as $10 per 1,361 class members. The Agreement provides further that "[s]hould the Parties discover that there are additional, or fewer, Class Members, the Settlement Fund will be adjusted accordingly such that the Settlement Fund consists of $10.00 per Class Member." (Dkt. No. 49-1 ¶ 17.A.) Indeed, at the preliminary approval hearing, Class Counsel confirmed that the intent of the Settlement Agreement was for each Class Member to receive $10.00, not a *pro rata* share of a total fixed Settlement Fund. Nevertheless, in their motion for final approval, Plaintiffs now estimate that participating Class Members will receive approximately $14.00 each because the number of Class Members decreased from 1,361, as Plaintiffs estimated at the preliminary approval hearing, to 930 Class Members, and there are six to 13 exclusions. (Dkt. No. 51 at 5.) While the Court applauds the parties' apparent (although not explicit) agreement to maintain the size of the Settlement Fund and thus give higher payments to the fewer class members, such approach appears to violate the plain language of the Agreement. They have not disclosed the reason for this discrepancy, or whether they have modified the Agreement in writing. This silence

concerns the Court.  For example, once the Court approves the settlement, will Defendant insist on payments in accordance with the plain language of the Agreement, that is, $10 per class member?

The moving papers are also inconsistent as to the number of class member exclusions. (*Compare* Dkt. No. 51 at 5 n.1 (stating that Class Members submitted 13 exclusions), *with* Dkt. No. 51 at 15 (stating that Class Members submitted six exclusions).)

Accordingly, on or before **April 25, 2016**, the parties shall jointly submit a supplemental filing that addresses the above concern regarding the discrepancy with the Settlement Agreement language and identifies the number of Class Member objections and exclusions as well as the number of undeliverable Notices.

**IT IS SO ORDERED.**

Dated: April 15, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge